# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 66836-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| RICHARD DEDE SWEAT, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 18, 2013 |

GROSSE, J. — The aggravating factor set forth in RCW 9.94A.535(3)(h)(i) that a defendant has engaged in a pattern of psychological, physical, or sexual abuse "of a victim or multiple victims manifested by multiple incidents over a prolonged period of time" does not require proof that the prior incidents of abuse involved the same victim in the current offense. Thus, evidence that the defendant had multiple domestic violence convictions over a period of 15 years involving different victims was sufficient to support the trial court's finding that this aggravating factor had been established. Accordingly, we affirm.

## FACTS

In September 2010, Richard Sweat began dating Kellie Kenworthy and Kenworthy moved in with Sweat. On September 26, 2010, the two had an argument during which Sweat struck Kenworthy in the eye with his hand. She lost consciousness from the blow and when she awoke could not see out of her left eye for about 30 minutes. She was later diagnosed with a fractured orbital socket.

The State charged Sweat with second degree assault – domestic violence. The State also charged as an aggravating factor that Sweat had a pattern of domestic

violence against multiple victims. Sweat elected to waive his right to a jury trial and proceed to trial before the court.

The court found him guilty as charged. The court also found that the State had established the aggravating factor of an ongoing pattern of psychological, physical, or sexual abuse of multiple victims over a prolonged period of time, based on five prior convictions for offenses involving domestic violence and physical and/or sexual abuse. The court imposed an exceptional sentence of 84 months' confinement. Sweat appeals his sentence.

ANALYSIS

Sweat contends that his exceptional sentence must be reversed because the evidence was insufficient to prove the aggravating factor that he had engaged in a pattern of abuse. He asserts that because the prior convictions upon which the court relied to support this finding did not involve the same victim involved in the charged offense, the State failed to establish that aggravating factor for his current offense. We disagree.

A trial court may impose a sentence outside of the standard range for an offense if the court finds that there are substantial and compelling reasons justifying an exceptional sentence.[1] The legislature has set forth a list of aggravating factors that may justify an exceptional sentence above the standard range, one of which is a pattern of domestic violence abuse, as provided in RCW 9.94A.535(3)(h)(i):

> (h) The current offense involved domestic violence, as defined in RCW 10.99.020, and one or more of the following was present:

> (i) The offense was part of an ongoing pattern of psychological,

---

[1] RCW 9.94A.535.

2

physical, or sexual abuse of a victim or multiple victims manifested by multiple incidents over a prolonged period of time.

Here, the trial court considered five prior convictions from 1996 to 2006 involving domestic violence and physical and/or sexual abuse and made the following findings of fact in support of the aggravating factor:

2.    In 1995 the defendant committed the crime of Assault in the Second Degree. He was convicted in 1996. The victim was Jeanette Walner. This was not designated as a crime of domestic violence. In this case the Assault in the Second Degree was charged, and the defendants plead, under the prong that with the intent to commit the crime of rape and indecent liberties the defendant did assault Jeanette Walner. This is relevant to show an ongoing pattern of physical, psychological, and sexual abuse.

3.    In 1998 the defendant was convicted of Unlawful Imprisonment and Assault in the Third Degree. The victim was Julia Harter. While this case was not specifically designated as a crime of domestic violence, the court is considering this conviction for the purpose of the aggravating factor. The Assault in the Third Degree was charged, and the defendant plead, under the prong that the defendant had caused bodily harm accompanied by substantial pain that extended for a period sufficient to cause considerable suffering to Julia Harter. This is relevant to show an ongoing pattern of physical, psychological, and sexual abuse.

4.    The defendant was convicted of Unlawful Imprisonment – Domestic Violence and Assault in the Fourth Degree – Domestic Violence in 2005. The defendant was ordered to participate in a Domestic Violence perpetrator treatment program. The victim of that crime was Angelique Montes.

5.    The defendant was convicted of felony Riot – Domestic Violence and Assault in the Fourth Degree – Domestic Violence in 2006. The victim of the crimes was Nina Northington.

6.    In 2006 the defendant was convicted of felony Riot – Domestic Violence. The victim was Cheryl Mainer.

7.    The defendant's first offense considered by the court occurred in 1995. The most recent event occurred September 26, 2010. This is a prolonged period of time.

8.    Each of the six separate convictions involved distinct victims. Each

3

conviction also involved physical, psychological and or sexual abuse. The six separate incidents constitute multiple incidents. Together the events show a pattern of ongoing physical, psychological and or sexual abuse.

Sweat contends that this aggravating factor is limited to circumstances where the current offense is part of an ongoing pattern of abuse of the same victim and that the State failed to establish this by relying on incidents involving victims other than the one involved in the current offense. He relies on the definition of "victim" in the Sentencing Reform Act of 1981, which provides: "'Victim' means any person who has sustained emotional, psychological, physical, or financial injury to person or property as a direct result of the crime charged."[2]

We review issues of statutory construction de novo.[3] While Sweat contends that the definition of "victim" contemplates only those who suffered injury from the charged crime, the statute read as a whole indicates otherwise. RCW 9.94A.030 provides that the definitions in this section apply throughout the chapter, "[u]nless the context clearly requires otherwise." Here, the context does otherwise require: the statute contemplates abuse that was not the direct result of the charged crime by referring to abuse "manifested by multiple incidents over a prolonged period of time," and stating that the current offense was "part of an ongoing pattern" of abuse.[4] The legislative history also makes abundantly clear that the intent of the statute was to address the serial domestic violence offender and consider additional victims who suffered past abuse by the

---

[2] RCW 9.94A.030(53).
[3] State v. Lilyblad, 163 Wn.2d 1, 6, 177 P.3d 686 (2008). If the plain words of a statute are unambiguous, the court need not inquire further. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). But if the language is ambiguous, the rule of lenity applies and requires the statute to be interpreted in the defendant's favor unless there is legislative intent to the contrary. State v. Jacobs, 154 Wn.2d 596, 601, 115 P.3d 281 (2005).
[4] RCW 9.94A.535(3)(h)(i) (emphasis added).

offender.[5]  As set forth above in the trial court's findings, the evidence here was sufficient to support a finding of this aggravating factor.

We affirm the judgment and sentence.

_____

WE CONCUR:

_____          _____

---

[5] As the State notes, Attorney General Rob McKenna's proposed legislation to increase sentencing for repeat felony domestic violence offenders included an aggravating factor for serial domestic violence batterers with different victims, which was ultimately adopted as the "multiple victims" language in the statute. The Senate Bill Report also evidences an intent to modify the aggravating factor "so that it applies in situations with different victims," and testimony before the Senate Judiciary Committee urged punishment for the chronic and serial offender because it was not available under the old version of the aggravating factor that was limited to a single victim.  S.B. REP. on S.B. 5208, at 3-4, 61st Leg., Reg. Sess. (Wash. 2009).