# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 67238-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD ALBERT THAVES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 10, 2013 |
| | ) | |

LAU, J. — Edward Thaves challenges his convictions for second degree assault and unlawful imprisonment, arguing that the trial court erred in admitting a recording of a police officer's interview with the victim. Thaves also challenges his exceptional sentences based on the jury's finding of the aggravating factor of a pattern of domestic violence abuse under RCW 9.94A.535(3)(h)(i), arguing that insufficient evidence supports the aggravating factor, the statute is void for vagueness, and the proceedings violated due process. He also filed a statement of additional grounds for review. Because Thaves fails to demonstrate error, we affirm.

## FACTS

Around 9 a.m. on January 19, 2011, Erica Dawson called 911 and reported that her boyfriend, Edward Thaves, choked and threatened her and she feared he would kill her. Dawson repeatedly told the operator to hurry, then hung up and called back a short time later. She repeated the address, pretending she was talking to a friend.

Then Dawson whispered to the operator, "Hurry, hurry, hurry, hurry. Hurry." Ex. 18 at 4. While the operator listened, Dawson told Thaves that she wanted to leave because she was scared of him. The call ended with Dawson screaming and sounds of a struggle.

When Kent police officers arrived, they heard a woman screaming and crying, a man yelling, and a loud thump, like "a body hitting the floor." Verbatim Report of Proceedings (VRP) (Apr. 14, 2011) at 166. When the officers knocked and announced their presence, no one responded. The officers kicked down the door and arrested Thaves. Dawson made several statements to police indicating she feared Thaves would kill her. One officer observed that Dawson was "really scared," crying, and "frantic." VRP (Apr. 14, 2011) at 171-72. Officer Scott Rankin then interviewed Dawson and recorded her statement. Officer Rankin noticed that Dawson had marks on her neck, redness and swelling around her eyes and cheeks, and blood on the sides of her mouth. Officer Rankin observed that Dawson was initially "matter of fact," but became "visibly emotional and started crying" while describing the recent events. VRP (Apr. 14, 2011) at 141. The State initially charged Thaves with second degree assault and unlawful imprisonment, designating both counts as domestic violence offenses. While he was in jail, Thaves made several telephone calls to Dawson, urging her to either change her story or fail to appear for trial. Thaves also encouraged her to go into hiding so she could avoid arrest on a material witness warrant. The State later added charges of first degree assault, felony harassment, tampering with a witness, and two counts of violation of a court order.

Prior to trial, the State informed the court that police had been unable to locate Dawson and moved to admit the recording of her statement to Officer Rankin under the excited utterances exception to the hearsay rule. See ER 803(a)(2). After a hearing, the trial court admitted the statement as an excited utterance.[1]

On the first day of trial, the State played Dawson's recorded statement to Officer Rankin for the jury. By the time trial resumed after the weekend recess, the police had arrested Dawson on a material witness warrant. Dawson testified that Thaves never hurt her and she did not remember the events of January 19, 2011. After Dawson's testimony, the State argued that her recorded statement could also be admitted under the recorded recollection exception to the hearsay rule. See ER 803(a)(5). In written findings of fact and conclusions of law, the trial court determined that the statement was admissible as a recorded recollection.

Before deliberations, the trial court ruled that the recordings admitted as exhibits would go to the jury room but playback equipment would not be provided. During deliberations, the jury requested playback of the jail telephone calls, the 911 calls, and Dawson's statement. The trial court brought the jury into the courtroom for a single playback of some of the jail and 911 calls but informed the jury that the recorded statement would not be replayed.

---

[1] The court found that admission of the statement did not violate Thaves's right to confrontation under the forfeiture by wrongdoing doctrine. See State v. Fraser, 170 Wn. App. 13, 20-21, 282 P.3d 152 (2012) (where defendant's wrongful act is designed to prevent witness from testifying, admission of testimonial statement by that witness does not violate defendant's right to confrontation despite lack of opportunity to cross-examine). Thaves does not challenge that ruling on appeal.

The jury found Thaves guilty of second degree assault, unlawful imprisonment, tampering with a witness, and two counts of violation of a court order. The trial court then instructed the jury on the aggravating factor of an ongoing pattern of domestic violence of abuse. RCW 9.94A.535(3)(h)(i). The State presented certified copies of court documents indicating Thaves had been convicted of three prior domestic violence crimes against three different victims. The jury returned special verdicts. The trial court imposed exceptional sentences for the assault and unlawful imprisonment and standard range sentences for the remaining convictions.

Thaves appeals, challenging his convictions and sentences for assault and unlawful imprisonment.

## ANALYSIS

Thaves first contends that the trial court erred by admitting Dawson's recorded statement. We review a trial court's admission of evidence for abuse of discretion. State v. Hamlet, 133 Wn.2d 314, 324, 944 P.2d 1026 (1997). Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay is not admissible unless an exception applies. ER 802; State v. Chapin, 118 Wn.2d 681, 685, 826 P.2d 194 (1992). Here, the trial court admitted the statement under both the excited utterance exception and the recorded recollection exception. ER 803(a)(2), (5). We can affirm a trial court's ruling on the admission of evidence on any ground supported by the record and the law. State v. Grier, 168 Wn. App. 635, 644, 278 P.3d 225 (2012).

ER 803(a)(5) provides:

> Recorded Recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Admission of statements under ER 803(a)(5) is proper when:

> (1) the record pertains to a matter about which the witness once had knowledge; (2) the witness has an insufficient recollection of the matter to provide truthful and accurate trial testimony; (3) the record was made or adopted by the witness when the matter was fresh in the witness' memory; and (4) the record reflects the witness' prior knowledge accurately.

State v. Alvarado, 89 Wn. App. 543, 548, 949 P.2d 831 (1998).

Thaves does not argue or demonstrate that the statement does not constitute a recorded recollection. Instead, he claims that the statement was "inadmissible" because the trial court improperly published it to the jury. Br. of Appellant at 15. In particular, he claims that the State should have been allowed only to read the statement into evidence and the statement should not have been received as an exhibit because the State was not an adverse party. But as the words "[i]f admitted" indicate, the limitations on the method of publication described in the last sentence of ER 803(a)(5) are not relevant to the determination of admissibility. Thaves fails to demonstrate any abuse of discretion in the trial court's decision on the admissibility of the statement under ER 803(a)(5).[2]

---

[2] Because Dawson's statement was admissible as a recorded recollection, we need not consider Thaves's challenge to its admission under ER 803(a)(2).

Even assuming the trial court erred by allowing the State to play the audio recording of Dawson's statement rather than read it into evidence and by allowing the recording to be marked as an exhibit and go to the jury room without playback equipment, Thaves fails to articulate or demonstrate any resulting harm. A nonconstitutional evidentiary error requires reversal only if the error, within reasonable probability, materially affected the outcome of the trial. State v. Halstien, 122 Wn.2d 109, 127, 857 P.2d 270 (1993). The jury heard the recorded statement only once, despite its request for a replay during deliberations. Dawson testified and the jury repeatedly heard recordings of her 911 calls and her conversations with Thaves on the jail telephone. State witnesses also testified as to several unsolicited statements Dawson made on January 19 regarding the charged crimes. Any error in the procedure of publishing the recorded statement to the jury was harmless.

Thaves next contends that his exceptional sentences must be reversed because the evidence was insufficient to prove the aggravating factor. A trial court may impose an exceptional sentence under RCW 9.94A.535(3)(h)(i) where the current offense involved domestic violence and was "part of an ongoing pattern of psychological, physical, or sexual abuse of a victim or multiple victims manifested by multiple incidents over a prolonged period of time."

In particular, Thaves asserts that because the documents regarding prior convictions submitted to the jury to support a finding of a pattern of abuse did not involve Dawson, the State failed to establish the aggravating factor for the current offenses. Thaves relies on the definition of "victim" in the Sentencing Reform Act of 1981 providing: "'Victim' means any person who has sustained emotional,

psychological, physical, or financial injury to person or property as a direct result of the crime charged." RCW 9.94A.030(53).

We recently rejected such an argument in State v. Sweat, __ Wn. App. __, 297 P.3d 73 (2013) (to present sufficient evidence to support RCW 9.94A.535(3)(h)(i) aggravating factor, State is not limited by RCW 9.94A.030(53)'s definition of "victim" to only those who suffered injury from the charged crime). "The legislative history . . . makes abundantly clear that the intent of the statute was to address the serial domestic violence offender and consider additional victims who suffered past abuse by the offender." Sweat, 297 P.3d at 76.

Here, the trial court instructed the jury that its verdict on the second degree assault and unlawful imprisonment established "the existence of those facts and circumstances which are the elements of the crime[s]." The court instructed the jury to determine whether (1) Thaves and Dawson were "family or household members" and (2) the assault and unlawful imprisonment against Dawson were "part of an ongoing pattern of psychological, physical, or sexual abuse of multiple victims manifested by multiple incidents over a prolonged period of time." Based on these instructions, the jury was entitled to consider the evidence presented by the State at trial on the charged crimes involving Dawson, as well as the additional evidence of Thaves's prior domestic violence convictions. The State presented sufficient evidence for the jury to find that Dawson and Thaves were living together when he assaulted her and unlawfully imprisoned her, that he had committed crimes of domestic violence against three other women in the past, and that his actions against Dawson were part of an ongoing pattern of domestic violence abuse.

Thaves also asserts that the statutory language of the aggravating factor, "pattern of abuse," is void for vagueness.[3] The federal and state due process vagueness doctrine requires that citizens have fair warning of proscribed conduct. State v. Chanthabouly, 164 Wn. App. 104, 141, 262 P.3d 144 (2011). But our Supreme Court has held that "the due process considerations that underlie the void-for-vagueness doctrine have no application in the context of sentencing guidelines." State v. Baldwin, 150 Wn.2d 448, 459, 78 P.3d 1005 (2003). Thaves urges this court to disregard Baldwin, alleging inconsistencies with Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Because we are bound by the decisions of our state Supreme Court, we decline his invitation.

Finally, Thaves contends that his due process rights were violated when the jury considered inadmissible hearsay in the proceedings to determine the aggravating factor. In particular, he claims that the jury considered certifications for probable cause relating to Thaves's prior convictions. He is incorrect. The record reveals that Thaves objected to the introduction of certifications for probable cause and the prosecutor agreed to remove them from the certified documents to be presented to the jury. Because Thaves fails to demonstrate that any inadmissible material was actually submitted to the jury, he has not established error.

In a statement of additional grounds for review, Thaves contends that he received ineffective assistance of counsel when his attorney failed to (1) find or contact

---

[3] Thaves also argues for the first time on appeal that the jury instruction on the aggravating factor is void for vagueness. Because Thaves did not object to the instruction below, we do not address this claim. State v. Releford, 148 Wn. App. 478, 493, 200 P.3d 729 (2009)("[U]nobjected-to jury instructions are not subject to constitutional vagueness challenges on appeal.").

John Woodward, the man whom Dawson testified had choked her some time before the charged crimes and (2) take pictures of the crime scene. Because these claims are not supported by credible evidence in the record, we cannot review them. RAP 10.10(c).

Thaves also claims that his crimes occurred within five minutes and should have been treated as a single offense. To constitute the "same criminal conduct" for offender score purposes, crimes must require the same criminal intent, be committed at the same time and place, and involve the same victim. RCW 9.94A.589(1)(a). But Thaves did not ask the sentencing court to consider whether his crimes constituted the same criminal conduct. Because application of the same criminal conduct statute involves both factual determinations and the exercise of discretion, Thaves waived this claim. In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 875, 50 P.3d 618 (2002) (citing State v. Nitsch, 100 Wn. App. 512, 997 P.2d 1000 (2000)).

Affirmed.

WE CONCUR: