IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re B.M. on behalf of A.M. and J.M. | ) | No. 38584-1-III |
| | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

LAWRENCE-BERREY, J. — The trial court entered a domestic violence protection order (DVPO) against J.M., a minor, in favor of A.M., his five-year-old half-sibling. Washington's former Domestic Violence Prevention Act (DVPA), chapter 26.50 RCW, did not authorize protection orders between two unmarried minors.[1] We reverse and remand for the trial court to vacate the order.

## FACTS

In July 2021, A.M. was five years old. Her biological mother is B.M., her biological father is R.M., and her half-brother is J.M. Her two parents were separated and had a contentious relationship.

---

[1] After the trial court entered the DVPO, the legislature repealed and replaced the DVPA with a comprehensive civil protection order act at chapter 7.105 RCW. ENGROSSED SECOND SUBSTITUTE H.B. 1320, 67th Leg., Reg. Sess. (Wash. 2021). The effective date of the new act was July 1, 2022. *Id*. at 113.

No. 38584-1-III
*In re B.M. on behalf of A.M. and J.M.*

On July 8, 2021, B.M. petitioned for a DVPO in Yakima County Superior Court. At the hearing, the trial court heard testimony from the two parents and admitted a detailed police report into evidence. Based on the evidence presented, the trial court found that J.M. had committed domestic violence against his younger half-sibling and entered a DVPO.

J.M. timely appealed.

## ANALYSIS

J.M. argues the superior court lacked authority to enter a DVPO because no evidence showed that A.M. and J.M. were "family or household members" under former RCW 26.50.010(6) (2019). He additionally argues the trial court erred in admitting hearsay evidence of the police report and insufficient evidence supported the trial court's findings. The first argument is dispositive, so we do not reach the others.

Generally, we refuse to review a claim of error not raised in the superior court. RAP 2.5(a). However, where, as here, the asserted error concerns the failure to establish facts on which relief can be granted, it is reviewable. *See* RAP 2.5(a)(2). We therefore review J.M.'s claim of error.

The meaning of a statute is a question of law, which we review de novo. *State v. Sweat*, 180 Wn.2d 156, 159, 322 P.3d 1213 (2014). In interpreting statutory provisions,

2

the primary objective is to ascertain and give effect to the intent and purpose of the legislature in creating the statute. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002). To determine legislative intent, we look first to the language of the statute. *Id.* If a statute is clear on its face, its meaning is to be derived from the plain language of the statute alone. *Id.*

If we determine a statute is unambiguous after considering its plain meaning, our inquiry ends. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Only when a statute is ambiguous—that is, subject to more than one reasonable interpretation—is it appropriate to resort to statutory construction, case law, and legislative history to discern legislative intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014).

*"Family or household members" is ambiguous*

Under the former DVPA, a victim of domestic violence could petition for a DVPO. Former RCW 26.50.030 (2005). A person could also petition for relief on behalf of minor family or household members. Former RCW 26.50.020(1)(a) (2019). Any petition filed on behalf of a minor family member was required to specify whether the victim and respondent of the alleged domestic violence were in a qualifying relationship as defined by former RCW 26.50.010. Former RCW 26.50.020(5).

No. 38584-1-III
*In re B.M. on behalf of A.M. and J.M.*


The former DVPA defined "domestic violence" in relevant part as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, [or] sexual assault . . . *of one family or household member by another family or household member*." Former RCW 26.50.010(3) (emphasis added).

The former DVPA defined "family or household members" in one of three ways. The first two required the perpetrator and the victim to be adults. The third, potentially applicable here, required the perpetrator and the victim to be "persons who have a *biological or legal parent-child relationship*, including stepparents and stepchildren and grandparents and grandchildren." Former RCW 26.50.010(6)(c) (emphasis added).

This third definition is ambiguous. The ambiguity is whether "biological" modifies "parent-child relationship." One reasonable interpretation of the italicized phrase requires a biological relationship or a legal parent-child relationship. Under this interpretation, two minor siblings have a qualifying relationship because there is a biological relationship. Another reasonable interpretation of the phrase requires a biological parent-child relationship or a legal parent-child relationship. Under this interpretation, two minor siblings do not have a qualifying relationship. Because there are two reasonable interpretations of the italicized phrase, we examine legislative history to determine the legislature's intent.

4

*Legislative intent of "family or household members"*

In 1991, members of the legislature proposed amendments to several statutes related to domestic violence, including the definitions contained in former RCW 26.50.010. The original house bill proposed the following amendment to the definition of "family or household members" under former RCW 26.50.010:

> (2) "Family or household members" means spouses, former spouses, ((adult))[2] persons related by blood or marriage, persons who are presently residing together, or who have resided together in the past, and persons who have a child in common regardless of whether they have been married or have lived together at any time.

H.B. 1884, at 20-21, 52d Leg., Reg. Sess. (Wash. 1991). The corresponding house bill report indicated that the amendment was necessary to make it explicit that the DVPA applied to adults and juveniles. H.B. REP. ON H.B. 1884, at 5, 52d Leg., Reg. Sess. (Wash. 1991).

The Senate proposed an amendment to the proposed bill to make it clear that "'Family or household members' only includes juveniles if they are spouses, former spouses, or persons who have a child in common." S.B. REP. ON ENGROSSED SUBSTITUTE

---

[2] Language with a strikethrough is language proposed to be removed from the statute. Language with an underline is language that is proposed to be added to the statute.

No. 38584-1-III
*In re B.M. on behalf of A.M. and J.M.*

H.B. 1884, at 4, 52d Leg., Reg. Sess. (Wash. 1991). The language proposed by the

Senate amendment provided:

> (2) "Family or household members" means <u>adults or juveniles who</u>
> <u>are</u> spouses, former spouses, ((adult)) persons related by blood or marriage,
> persons who are presently residing together, or who have resided together in
> the past, and persons who have a child in common regardless of whether
> they have been married or have lived together at any time.

ENGROSSED SUBSTITUTE H.B. 1884 (corrected copy), at 16, 52d Leg., Reg. Sess.

(Wash. 1991).

The House accepted the proposed amendment, noting in its final report on the bill

that the previous definition of "family or household members" was ambiguous about

whether it governed juveniles. FINAL BILL REP. ON ENGROSSED SUBSTITUTE H.B. 1884,

at 2, 52d Leg., Reg. Sess. (Wash. 1991). The final report explained:

> The definition of "family or household members" is amended to provide
> that the term does not apply to juveniles unless the juveniles have a child in
> common, are spouses or former spouses.

FINAL BILL REP. ON ENGROSSED SUBSTITUTE H.B. 1884, at 4-5, 52d Leg., Reg. Sess.

(Wash. 1991).

As passed, the final definition read:

> (2) "Family or household members" means spouses, former spouses,
> ((adult persons related by blood or marriage, persons who are presently
> residing together, or who have resided together in the past, and)) persons
> who have a child in common regardless of whether they have been married

6

or have lived together at any time, adult persons related by blood or marriage, and adult persons who are presently residing together or who have resided together in the past.

ENGROSSED SUBSTITUTE H.B. 1884, at 16, 52d Leg., Reg. Sess. (Wash. 1991).

The definition of "family or household members" was amended again in 1992.

ENGROSSED SECOND SUBSTITUTE S.B. 6347, at 11, 52d Leg., Reg. Sess. (Wash. 1992).

The corresponding house bill report recognized that, "[l]ast year, the Legislature deleted juveniles from the definition of family or household members." H.B. REP. ON ENGROSSED SECOND SUBSTITUTE S.B. 6347, at 2, 52d Leg., Reg. Sess. (Wash. 1992).

The final definition, as passed in 1992, provided:

> (2) "Family or household members" means spouses, former spouses, persons who have a child in common regardless of whether they have been married or have lived together at any time, adult persons related by blood or marriage, ((and)) adult persons who are presently residing together or who have resided together in the past, persons sixteen years of age or older who are presently residing together or who have resided together in the past and who have or have had a dating relationship, persons sixteen years of age or older with whom a respondent sixteen years of age or older has or has had a dating relationship, and persons who have a biological or legal parent-child relationship, including stepparents and stepchildren and grandparents and grandchildren.

ENGROSSED SECOND SUBSTITUTE S.B. 6347, at 11, 52d Leg., Reg. Sess. (Wash. 1992).

The added clause, "persons who have a biological or legal parent-child relationship, including stepparents and stepchildren and grandparents and grandchildren," was added

to the definition without explanation in the final bill report. *Id.*; *see* FINAL BILL REP. ON

ENGROSSED SECOND SUBSTITUTE S.B. 6347, at 2, 52d Leg., Reg. Sess. (Wash. 1992).

We thus conclude that the 1992 amendment did not change the 1991 meaning of "persons

who have a biological or legal parent-child relationship."

In 2019, the legislature amended the definition of "family or household members"

to the definition at issue in this case:

> (6) "Family or household members" means ((~~spouses, domestic~~
> ~~partners, former spouses, former domestic partners, persons who have a~~
> ~~child in common regardless of whether they have been married or have~~
> ~~lived together at any time,~~))<u>: (a)</u> Adult persons related by blood or
> marriage((~~,~~))<u>; (b)</u> adult persons who are presently residing together or who
> have resided together in the past ((~~, persons sixteen years of age or older~~
> ~~who are presently residing together or who have resided together in the past~~
> ~~and who have or have had a dating relationship, persons sixteen years of~~
> ~~age or older with whom a person sixteen years of age or older has or has~~
> ~~had a dating relationship,~~))<u>; and (c)</u> persons who have a biological or legal
> parent-child relationship, including stepparents and stepchildren and
> grandparents and grandchildren.

ENGROSSED SECOND SUBSTITUTE H.B. 1517, at 5-6, 66th Leg., Reg. Sess. (Wash. 2019).

The amendment separated the definition into three components, but did not modify the

third component, subsection (c), which is at issue here.

We conclude that the 1991 meaning of "family or household members" controls.

That is, the intent was to delete juveniles from the definition of "family or household

members" unless they are married, were formerly married, or have a child in common.

8

No. 38584-1-III
*In re B.M. on behalf of A.M. and J.M.*

FINAL BILL REP. ON ENGROSSED SUBSTITUTE H.B. 1884, at 4-5, 52d Leg., Reg. Sess. (Wash. 1991). Construing former RCW 26.50.010(6)(c) as requiring only a biological relationship between the perpetrator and the victim would thus produce a result inconsistent with legislative intent.

*Application of legislative intent to facts*

Here, because A.M. and J.M. were never married nor do they have a child in common, they are not "family or household members" under the former DVPA. We conclude the trial court erred in entering the DVPO. We reverse and remand for it to vacate the DVPO.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.

9